CARROLL, DONALD K., Judge.
This is an appeal from a final summary judgment entered by the Circuit Court for Leon County, Florida, in favor of a surety company, the plaintiff-appellee, and against the defendant-appellant, Jones.
The company became surety upon a performance bond in favor of R. Louis Gibbs as obligee, guaranteeing performance of a contract for the construction of a dwelling. As an inducement to the company to become surety upon this bond,, Jones, the principal on the bond, in addition to paying the required premium, executed an application which, among other things, contained the following agreements :
“Seventh: Liability of the undersigned hereunder shall extend to, and include, the full amount of any and all sums paid by the Company in settlement or compromise of any claims, demands, suits and judgments upon said bond, or bonds, or any of them, in good faith, under the belief that it was liable therefor, whether or not such liability existed, as well as to any and all disbursements on account of costs, expenses and attorneys fees, as aforesaid, which may be made in good faith under the belief that such zvere necessary, whether necessary or not.
“Eighth: In the event of the payment, settlement or compromise, in good faith, of liability, loss, costs, damage, expense, or attorneys fees, claims, demands, suits or judgments, as aforesaid, an itemized statement thereof, sworn to by any officer of the Company, or the voucher, or vouchers showing, or any evidence of, such payment, or compromise, shall be prima facie evidence of the fact, and extent, of the liability of the undersigned in respect of any claim or suit hereunder, and in any and all matters and things arising between the undersigned and the Company.” (Emphasis supplied.)
Gibbs sued the surety company on the bond claiming some $22,825 due him because of alleged defaults on the part of Jones. After extended litigation and substantial investigation of the facts, the surety company settled its liability to Gibbs under the bond by paying him $5,000. In the present suit filed by the surety company against Jones, reimbursement is sought for the monies so expended. In his answer Jones, among other allegations, denied that the payment to Gibbs was made in good faith under the belief that the company was liable therefor, claiming that he had objected to the settlement and that he had urged the company to defend upon the merits.
The appellee, the surety company, then filed a motion for summary judgment, together with supporting affidavits and exhibits, and Jones filed affidavits in opposition to the motion.
In granting the motion for summary judgment the Circuit Court held that there was no evidence before it of bad faith on the part of the appellee in making this settlement and that there was no evidence that the appellee paid out any money without an honest belief in its liability. It further pointed out that in the face of evidence showing good faith and an honest belief in liability, “a bare assertion to the contrary, unsupported by evidence, is not sufficient to avoid a summary judgment”.
We agree with the able circuit judge in this finding and with the basic rule which he well expresses with regard *584 to summary judgments: “* * * a litigant may insist upon a trial of a disputed issue of fact essential to a determination of a case if the dispute is substantial from an evidentary [sic] standpoint. But it is not sufficient to avoid a summary judgment to merely assert a position on a question of fact without evidence to support such position in the face of substantial evidence to the contrary.”
Our conclusion is, therefore, that under the evidence presented to the Circuit Court on the motion for summary judgment, that Court correctly granted the motion, and hence the summary judgment in favor of the appellee should be, and it is, affirmed.
Affirmed.
STURGIS, C. J., and DREW, E. HARRIS, Associate Judge, concur.