427 So.2d 361 (1983)
Grace S. FALLS, Appellant,
v.
LAWNWOOD MEDICAL CENTER, Appellee.
No. 81-2290.
District Court of Appeal of Florida, Fourth District.
March 2, 1983.
Gerald S. James, Fort Pierce, for appellant.
Charles R.P. Brown of Brown & Williams, Fort Pierce, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a summary final judgment in favor of an employer hospital against its employee, a registered nurse, who had been with the hospital for over twenty years. We reverse and remand.
The amended complaint was in two counts. The first sought declaratory judgment, *362 alleging that appellant was terminated without cause, notwithstanding the existence of personnel policies which defined dismissal as follows:
Dismissal is an immediate termination by the supervisor or department head for cause.
It further alleged that the hospital contended she could be dismissed without cause, thus establishing a justiciable controversy; and in addition to declaratory relief, sought reinstatement of employment and payment of back wages and other benefits. Her second count sought damages, alleging the dismissal to be a breach of her oral contract of employment.
The hospital filed affirmative defenses, including an allegation that the personnel policies contained another provision which provided:
Termination  Since employment in this hospital is based upon mutual consent, either the employee or the employer is privileged to terminate employment.
It also alleged that appellant breached her contract of employment by striking and behaving in an abusive manner toward a child who was a patient. The hospital moved for summary judgment and filed an affidavit of the director of nursing three days before the hearing on its motion, which recited that the investigation of appellant established unprofessional conduct. Appellant also filed an affidavit, denying that she struck or abused any patient and asserting that her employment was pursuant to the personnel policies which contained the above definition of dismissal. The personnel policies were not attached to the affidavit and are not part of the present record.
At the hearing on the motion, the trial court actually tried the facts and concluded the nurse did not strike the child. It further concluded that any cause for dismissal was to be determined by the employer and reluctantly granted the motion because it felt compelled to do so, the employment being terminable at will. The trial court relied upon DeMarco v. Publix Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), aff'd, 384 So.2d 1253 (Fla. 1980), and Catania v. Eastern Airlines, Inc., 381 So.2d 265 (Fla. 3d DCA 1980).
We are of the opinion that the case was not ripe for disposition by summary judgment. The trial court should have first determined if the hospital's personnel policies were part of appellant's contract of employment; and if so, then analyzed them to determine what effect they had on that contract. If it was further determined that appellant could only be terminated for cause, the trial court was in error in concluding that it was for the employer to make the ultimate determination, not the court, whether cause existed in a situation like the present in which the employee disputed its existence. We are of the further opinion that the trial court erred in resolving the disputed factual issue of cause in the framework of summary judgment.
DOWNEY and ANSTEAD, JJ., concur.