479 So.2d 165 (1985)
Joseph Louis BRYANT, Sinatria E. Williams, Donald Jackson, Thomas Hicks and Frederick D. Goston, Appellants,
v.
SHANDS TEACHING HOSPITAL AND CLINICS, INC., et al., Appellees.
No. BE-490.
District Court of Appeal of Florida, First District.
November 20, 1985.
Stephen N. Bernstein of Avera, Bernstein & Perry, Gainesville, for appellants.
Thomas M. Gonzalez and William E. Sizemore of Thompson, Sizemore & Gonzalez, P.A., Tampa, for appellees.
*166 SMITH, Judge.
The issue on this appeal is whether Section 240.513(3)(b)2, Florida Statutes (1979), abrogates the at will employment doctrine for employees of Shands Teaching Hospital and Clinics, Inc. (Shands), a private non-profit corporation. The circuit court granted partial summary judgment in favor of Shands. We affirm.
Appellants, former employees of Shands Teaching Hospital and Clinics at the time the hospital was operated by the State Board of Education, became employees of appellee Shands in July 1980, when control of the hospital was transferred to Shands pursuant to Section 240.513, Florida Statutes (1979). Appellants were all terminated from their employment with the newly constituted employer, Shands, in February 1981, following an investigation conducted by Shands into the theft of hospital property. Criminal charges which were initially filed in the Circuit Court for the Eighth Judicial Circuit, Alachua County, as a result of the investigation were nolle prossed prior to trial. Seeking redress for their alleged wrongful termination from employment, appellants filed suit. Appellants' identical seven-count amended complaints sought relief based on theories of negligence, malicious prosecution, false arrest and imprisonment, defamation, breach of contract, and misrepresentation. Count 6 of the amended complaints alleged that appellants' dismissal from Shands was improper since Shands had purportedly adopted certain personnel policies which mandated that employees could be terminated only for "cause."
As previously noted, the statute delineating the transfer process was Section 240.513, Florida Statutes (1979). Section 240.513(3)(b)2, provided that the State Board of Education was to enter into a lease or other contract with the non-profit corporation that was to begin operating Shands to:
[provide for] [t]he orderly and just transition of hospital employees from state to corporate employment with the same or equivalent seniority, earnings, and benefits... .
Prior to their transfer to Shands Hospital and Clinics, Inc., appellants each signed a document styled "offer of employment." This document listed the appellants' annual, weekly and hourly salary, but contained no specific term of employment. The document further carried an endorsement, purportedly applying to appellants as prospective Shands employees, stating that they had received information concerning employment benefits, wages, and seniority under the new Shands from their supervisors in the previous Shands organization. The endorsement indicated that certain benefits accrued under their former employer would be brought forward into the new Shands, as well as contemplated wage increases. Finally, the endorsement stated:
I acknowledge that I am fully aware of my wages, job title, benefits, and employment practices of the corporation, and wish to become a permanent member of [Shands]... .
Shands moved for summary judgment, attaching in support an affidavit from Bryce A. Malsbary, director of personnel at Shands during all relevant times involved in this litigation. In his affidavit, Malsbary stated that Shands had no formal personnel policies, including procedures covering dismissals, until November 1980. Therefore, Malsbary's affidavit stated, appellants' former supervisors would not have been able to discuss personnel policies with their employees who contemplated continuing employment under the new Shands at the time the employees, including appellants, signed the "offer of employment" documents. Malsbary specifically averred that neither he nor any other management-level employee of Shands negotiated with prospective employees concerning grievance procedures that would be effective in the new Shands organization.
Appellants filed no documentary or other evidence in opposition to Shands' motion for summary judgment. In his order granting partial summary judgment in favor of Shands, the circuit judge found it undisputed that the contract of employment signed by appellants upon joining the *167 new Shands did not establish a definite term of employment between the parties. Noting Florida case law that, absent such an agreement, either party was free to terminate the employment contract at will, either with or without cause, the circuit judge found that appellants had failed to state a cause of action on their breach of contract claim. Accordingly, he granted Shands' motion as to Count 6 of the amended complaint.[1]
Appellants challenge the circuit court's order on two separate grounds. First, they contend that Section 240.513(3)(b)2, directing the State Board of Education to insure the "orderly transition" of hospital employees constitutes a legislatively-mandated exception to the at will doctrine. Specifically, appellants assert that the term "benefits" as found in subsection (3)(b)2 indicates a legislative intent to transfer the "cause only" dismissal limitation existing by virtue of appellants' status as career service employees as a "benefit" of their status as employees of the new Shands. Alternatively, appellants contend that the trial court erroneously found no disputed issues of material fact regarding the existence of personnel policies dealing with "just cause" dismissal which, according to appellants, were a part of the contracts of employment they signed with the new Shands. On this latter point, appellants cite Falls v. Lawnwood Medical Center, 427 So.2d 361 (Fla. 4th DCA 1983). We find both arguments to be without merit.
Generally, an employee may be terminated at will, that is, without a showing of cause, where the employment contract between the parties is indefinite as to the period of employment. Perri v. Byrd, 436 So.2d 359, 361 (Fla. 1st DCA 1983); DeMarco v. Publix Supermarkets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), cert. den., 367 So.2d 1123 (Fla. 1979), approved 384 So.2d 1253 (Fla. 1980). Here, the "offer of employment" documents attached to appellants' amended complaint did not state a particular term of employment; therefore, the trial court correctly found that appellants' circumstances fall squarely within the rule recited above.[2]
While it is true that the legislature may carve out exceptions to the at will doctrine, see Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla. 1983), this court is not free to identify additional statutory modifications of the at will doctrine unless the legislature renders a clear statement of its intent to do so. Maguire v. American Family Life Assurance Company of Columbus, 442 So.2d 321, 323 (Fla. 3d DCA 1983), pet. for rev. den., 451 So.2d 849 (Fla. 1984). Compared, for example, to the language found in Section 440.205[3] (see Smith, supra), Section 240.513(3)(b)2 can hardly be said to constitute a "clear statement" of another legislative exception to the at will doctrine carved out for former employees of the old Shands. Appellants offer nothing in the way of legislative history of the statute or otherwise indicating that the legislature contemplated requiring the new employer *168 to adopt a "just cause" termination policy.[4] Appellants' counsel conceded as much at oral argument, but urged this court to read such an intent into the statute in the interests of fairness since, it was argued, the failure to do so would allow Shands to terminate them without just cause, a result contrary to their alleged expectations in joining the new organization.
We must reject appellants' suggestion that this court may act as a "law giver" out of some nebulous sense of fairness or equity. See Maguire, supra, 442 So.2d at 323. The law concerning the at will doctrine is well entrenched in the jurisprudence of this state, and may not be modified on any basis but a clear statutory abrogation of the rule. Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182, 184 (Fla. 1983); accord, Hartley v. Ocean Reef Club, Inc., 476 So.2d 1327 (Fla. 3d DCA 1985) (no cause of action for retaliatory discharge allegedly contravening public policy). Other "equitable" arguments for a total or partial abrogation of the rule have been rejected, including the alleged unequal bargaining power between an employer and employee, Muller v. Stromberg Carlson Corp., 427 So.2d 266, 269-270 (Fla. 2d DCA 1983) and an employer's "bad motives" in terminating the employee. See DeMarco v. Publix Supermarkets, Inc., supra; see also Ponton v. Scarfone, 468 So.2d 1009 (Fla. 2d DCA 1985). Accordingly, we hold that Section 240.513(3)(b)2, Florida Statutes (1979) does not create a statutory exception to the at will doctrine in favor of employees of Shands Hospital and Clinics who transferred their employment to Shands Hospital and Clinics, Inc. As a result, the circuit court correctly granted partial summary judgment in favor of appellees on the basis of the at will doctrine.
We also reject appellants' contention that we should remand this case to the trial court for a consideration of appellants' alternative argument that Shands, at the time of transfer, operated under certain personnel policies that gave appellants the right to dismissal only for cause. It is well-recognized that the non-moving party faced with a summary judgment motion supported by appropriate proof may not rely on bare, conclusory assertions found in the pleadings to create an issue and thus avoid summary judgment. Instead, the party must produce counter-evidence establishing a genuine issue of material fact. Jones v. Hartford Accident & Indemnity Company, 109 So.2d 582 (Fla. 1st DCA 1959); Johnson v. Gulf Life Insurance Company, 429 So.2d 744 (Fla. 3d DCA 1983). Here, appellants proferred no evidence contrary to the affidavit of Bryce Malsbary that no explicit personnel policies existed in July 1980, the date appellants signed their contracts of employment with the new Shands. In such circumstances, the circuit court was entitled to find, as it implicitly did, that appellants' assertions that the alleged personnel policies were part of their contract of employment with the new Shands were mere unilateral expectations, rather than the explicit mutual promises necessary to create a binding contractual term. Berrian v. National Railroad Passenger Corp., 429 So.2d 1381 (Fla. 2d DCA 1983); Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983). Falls v. Lawnwood Medical Center, relied on by appellants, is distinguishable in that a factual dispute existed concerning the existence of a "just cause" dismissal policy as part of the contract of employment involved in that case. No such genuine evidentiary uncertainty exists here.
For the reasons stated, the judgment appealed from is AFFIRMED.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] The order also notes that appellants conceded that there was no genuine issue of material fact as to Count 7 of the complaint, concerning breach of an employment contract via misrepresentation, and thus granted Shands' motion as to Count 7 as well. Appellants do not here challenge the correctness of this action by the trial court; therefore, we will not consider this point on appeal.
[2] Although appellants claim to be "permanent employees" as defined by certain personnel policy statements promulgated by Shands in November 1980, the mere fact that an employee is classified as permanent does not change operation of the at will doctrine where, as here, the employee's term of employment remains indefinite. Russell & Axon v. Handshoe, 176 So.2d 909 (Fla. 1st DCA 1965), cert. den., 188 So.2d 317 (Fla. 1966).
[3] Section 440.205. Coercion of Employees.

No employers shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the workers' compensation laws. (emphasis supplied)
[4] In fact, the statutory provision under consideration places the duty to assure a "just and orderly transition" of employee benefits, seniority, and wages on the State Board of Education, see Section 240.513(3)(b), and not on Shands, as appellants claim. In light of our disposition of this cause, we do not address Shands' argument that appellants did not name the proper party-defendant in their complaints. We do note, however, that the statutory language of Section 240.513(3)(b) does not purport to limit the Board of Education in its treatment of those employees who chose to transfer to the new employer.