709 So.2d 1388 (1998)
RANCHO SANTA FE, INC., et al., Petitioners,
v.
MIAMI-DADE COUNTY, Respondent.
No. 98-243.
District Court of Appeal of Florida, Third District.
May 27, 1998.
Bercow & Radell and Jana K. McDonald, Miami, for petitioners.
Robert A. Ginsburg, Miami-Dade County Attorney, and John McInnis, Assistant County Attorney, for respondent.
Before JORGENSON, COPE and SORONDO, JJ.
PER CURIAM.
Property owners seek certiorari review of a decision of the Circuit Court, Appellate Division, denying their application for rezoning. We deny the petition.
Although the Circuit Court applied the wrong standard of review when it upheld the decision of the Dade County Commission that denied the rezoning application, it reached the correct result. See In Re Yohn's Estate, 238 So.2d 290, 295 (Fla.1970) ("If the lower court assigns an erroneous reason for its decision the decision will be affirmed where there is some other different reason or basis to support it.")[1]
The Circuit Court should have applied the standard set forth in Board of County Comm'rs v. Snyder, 627 So.2d 469 (Fla. 1993)whether substantial competent evidence supported the Commission's resolution. Instead, the Circuit Court based its ruling upon the following quotation from Lee County. v. Sunbelt Equities, II, Ltd. Partnership, 619 So.2d 996, 1006 (Fla. 2d DCA 1993): "Where any of several zoning classifications is consistent with the plan, the applicant seeking a change from one to the other is not entitled to judicial relief absent proof the status quo is no longer reasonable."
However, because the result reached by the Appellate Division was correct, we deny certiorari.
Certiorari denied.
NOTES
[1] This legal maxim is often referred to as the "Tipsy Coachman" rule. See Carraway v. Armour & Co., 156 So.2d 494 (Fla.1963).