757 So.2d 1243 (2000)
Nora OSTEN, Appellant,
v.
CITY OF HOMESTEAD, Appellee.
No. 3D99-2617.
District Court of Appeal of Florida, Third District.
May 10, 2000.
Rehearing Denied June 7, 2000.
Marisa Tinkler Mendez, Coral Gables, for appellant.
Weiss, Serota, Helfman, Pastoriza & Guedes, P.A. and Christopher F. Kurtz, Miami, for appellee.
Before COPE, GREEN, and SORONDO, JJ.
GREEN, J.
Nora Osten appeals a final order dismissing her amended complaint against the City of Homestead ("City") for her failure to comply with the statutory notice requirements of section 768.28, Florida Statutes (1997). We affirm for the reasons which follow.
Ms. Osten had been employed by the City when, on June 1, 1994, she sustained a work-related injury and initiated a workers' compensation claim. According to the allegations of her amended complaint, she was constructively discharged from her position by the City as a retaliatory measure *1244 for filing the workers' compensation claim in violation of section 440.205, Florida Statutes (1997).[1] She and her husband, Louis Osten, filed a three count amended complaint for retaliatory discharge, breach of covenant of good faith dealing and loss of consortium. The City moved for and was granted a dismissal with prejudice on the grounds that the Ostens, without dispute, had failed to comply with the statutory notice requirements of section 768.28, Florida Statutes (1997). This appeal was taken.
In section 768.28, the Florida legislature has waived the sovereign immunity of the state and its subdivisions from tort action provided, among other things, that the claimant present a written claim to the appropriate agency within three years after the accrual of the claim.[2] Established case law makes it clear that strict compliance with the notice requirement of this statute is necessary in order to maintain an action against the state, its agencies or subdivisions. See Menendez v. North Broward Hosp. Dist., 537 So.2d 89 (Fla.1988); Levine v. Dade County Sch. Bd., 442 So.2d 210 (Fla.1983). Moreover, a separate notice is required for a spouse's derivative claim. See Metropolitan Dade County v. Reyes, 688 So.2d 311 (Fla.1996).
On this appeal, Ms. Osten does not contest the dismissal of her husband's loss of consortium claim where he failed to provide the requisite written notice of his claim. She appears, however, to argue that dismissal of her remaining counts for retaliatory discharge and for breach of covenant of good faith dealing was error because neither of these counts was subject to the notice requirements of section 768.28(6)(a) since neither sounded in tort.
Ms. Ostens assertion that her statutory claim under section 440.205 for retaliatory discharge is not tortious, is erroneous. In concluding that claims for retaliatory discharge were governed by the four-year statute of limitations, the Florida Supreme Court in Scott v. Otis Elevator Co., 524 So.2d 642, 643 (Fla.1988), observed that "[r]etaliatory discharge is tortious in nature." Recently, citing to Scott, the first district squarely held that an action for retaliatory discharge under section 440.205 is clearly a tort within the meaning of section 768.28 and that pre-suit notice is therefore required. See Kelley v. Jackson County Tax Collector, 745 So.2d 1040 (Fla. 1st DCA 1999). We agree and affirm the trial court's dismissal of the count for retaliatory discharge where no statutory notice of the claim was provided pursuant to section 768.28.
As for the remaining count for breach of covenant of good faith dealing, the City correctly concedes that this is an alleged contractual claim for which no notice is required under section 768.28. See Pan-Am Tobacco Corp. v. Department of Corrections, 471 So.2d 4 (Fla.1984). In the amended complaint, Ms. Osten essentially alleges that the City's personnel manual was a contract which guaranteed her certain rights and privileges and that she would only be terminated for cause. The City counters and we agree that the provisions of the personnel manual to which the appellant refers are merely a policy manual containing unilateral expectations and do not otherwise give rise to an enforceable contract between the City and *1245 the appellant. See Linafelt v. Bev, Inc., 662 So.2d 986 (Fla. 1st DCA 1995); Lurton v. Muldon Motor Co., 523 So.2d 706 (Fla. 1st DCA 1988); McConnell v. Eastern Air Lines, Inc., 499 So.2d 68 (Fla. 3d DCA 1986); Bryant v. Shands Teaching Hosp. and Clinics, Inc., 479 So.2d 165 (Fla. 1st DCA 1985); Muller v. Stromberg Carlson Corp., 427 So.2d 266 (Fla. 2d DCA 1983). Thus, although this count was erroneously dismissed for the lack of statutory notice under section 768.28, we nevertheless affirm its dismissal where it failed to otherwise state a cause of action against the City. See Rancho Santa Fe, Inc. v. Miami-Dade County, 709 So.2d 1388 (Fla. 3d DCA 1998).
We therefore affirm the order of dismissal with prejudice in its entirety.
Affirmed.
NOTES
[1] That statute provides that:

No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the workers' compensation law.
[2] Specifically, section 768.28(6)(a) provides in relevant part that:

An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency ... within 3 years after such claim accrues and the ... appropriate agency denies the claim in writing[.]