[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15810
Non-Argument Calendar
_____

D. C. Docket No. 05-00719-CV-ORL-GRJ

FLORA R.S. SELBY,

Plaintiff-Appellant,

versus

TYCO HEALTHCARE GROUP, L.P.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 9, 2008)**

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Flora Selby, an Asian-Pacific Islander proceeding *pro se*, appeals the district court's disposition of her racial discrimination suit against her former employer, Tyco Healthcare Group, L.P. (Tyco). Selby brought claims for wrongful termination, under Florida's common law, and discrimination, harassment, and retaliation, all under Title VII, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*.

Selby worked as a machine operator for Tyco, a manufacturer and distributor of medical supplies, from 1988 until she was fired in April 2004. Before the district court, Selby alleged she was harassed numerous times because of her race, and her termination constituted racial discrimination. She also alleged she was fired in retaliation for filing a complaint with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. In response, Tyco insisted Selby was fired because she was insubordinate and left work early without a supervisor's permission.

On appeal, Selby argues the district court abused its discretion and did not afford her sufficient time to conduct discovery. She also contends the district court erred by granting summary judgment to Tyco on her wrongful termination claim because she was a permanent employee with an employment contract with Tyco, and thus not subject to termination at will. Selby also argues summary judgment

2

was improper on her discrimination and harassment claims. Finally, she contends the court erred by entering judgment for Tyco on her retaliation claims, because her history with Tyco showed it did not fire her for insubordination.

Tyco argues we should affirm the district court's decisions because Selby did not include summary judgment documents and evidence, trial transcripts, or the district court's post-trial order in her record excerpts. We agree Fed. R. App. P. 10(b)(2) requires the appellant to "include in the record a transcript of all evidence relevant to [the challenged] finding or conclusion." Here, however, Selby's failure to include these documents does not preclude us from conducting a meaningful review, because those documents are available to us on the district court's website and in the printed record on appeal. Accordingly, we reject Tyco's argument and address Selby's appeal on the merits.

## I.

The district court's denial of additional discovery is reviewed for abuse of discretion, "and a party must be able to show substantial harm to its case from the denial of its requests for additional discovery." *Leigh v. Warner Bros, Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000). It is not *per se* improper to grant summary judgment without providing the opponent an opportunity to conduct discovery. *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 844 (11th Cir. 1989).

3

"District courts are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998) (citation omitted).

Rule 56(f) of the Federal Rules of Civil Procedure states the party opposing summary judgment may move the court to permit discovery necessary to oppose the motion. Fed. R. Civ. P. 56(f). Because whether to grant or deny a Rule 56(f) motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party, a Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact. *Harbert Int'l, Inc.*, 157 F.3d at 1280.

There is no indication in the record Selby ever moved for an extension of time to conduct discovery, under Rule 56(f) or under any other Rule. Further, on appeal, she does not identify any particular order as constituting an abuse of discretion. Given the district court's wide discretion in managing discovery, and considering Selby never requested additional time, the court did not abuse its discretion by taking Tyco's motion for summary judgment under advisement on March 14, 2007.

4

II.

"We review *de novo* a district court's grant of summary judgment, applying the same legal standards as the district court." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party, in response to the motion, must go beyond the pleadings and establish, through competent evidence, there truly is a genuine, material issue to be tried. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

Selby's allegation Tyco breached her employment contract by wrongfully terminating her is governed by Florida's common law. In Florida, "[a]n employee may be terminated at will, without a showing of cause, where the employment contract between the parties is indefinite as to the period of employment." *Linafelt v. Bev, Inc.*, 662 So. 2d 986, 989 (Fla. 1st DCA 1995). Even where an employee claims to have been "hired as a 'permanent' employee, in the absence of an agreement for a particular period of employment[,] his term of employment must

5

be regarded as indefinite and terminable at will." *Muller v. Stromberg Carlson Corp.*, 427 So. 2d 266, 270 (Fla. 2nd DCA 1983).

The district court did not err in finding Selby was an at-will employee and therefore not eligible to recover under Florida law for wrongful termination. Selby presented no evidence she was hired for a definite duration of time. Although she argues she was a "permanent" employee because of the benefits she received, she admitted she signed an agreement expressly acknowledging Tyco could terminate her employment at any time, for any reason. Selby was an at-will employee and is not able to recover for wrongful termination under Florida's common law. *See Muller*, 427 So. 2d at 270.

## III.

Selby's claim she was subject to employment discrimination based on her race or national origin is governed by Title VII, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.* (FCRA). Title VII prohibits employers from engaging in practices that discriminate on the basis of race or national origin. *See* 42 U.S.C. § 2000e-2(a). Section 1981 of Title 42 protects an individual's right to be free from racial discrimination in the "making, performance, modification, enforcement, and termination" of contracts, and has the same requirements of proof and uses the

same analytical framework as Title VII. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Likewise, claims brought under the FCRA are analyzed under the same framework as those brought under Title VII. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

Absent direct evidence of an employer's discriminatory motive, a plaintiff may establish her case through circumstantial evidence, using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973). *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). Under this framework, the plaintiff may establish a *prima facie* case of race discrimination by showing: "(1) [s]he belongs to a racial minority; (2) [s]he was subjected to adverse job action; (3) [her] employer treated similarly situated employees outside [her] classification more favorably; and (4) [s]he was qualified to do the job." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997). If the plaintiff establishes a *prima facie* case, the defendant can rebut the presumption of discriminatory intent by producing a legitimate nondiscriminatory reason for the adverse employment action. *Id.* at 1564. The burden then shifts back to the plaintiff to establish the reason is pretext for discrimination. *Id.* at 1565. The plaintiff bears the ultimate burden of showing intentional discrimination. *Id.*

7

The employee has the burden of proving actionable harassment, or a hostile work environment. *Edwards v. Wallace Comty. Coll.*, 49 F.3d 1517, 1521 (11th Cir. 1995). To establish a hostile work environment, Selby must demonstrate: (1) she belongs to a protected group; (2) she has been subjected to unwelcome harassment; (3) the harassment was based on her protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and thus create a discriminatorily abusive work environment; and (5) Tyco was responsible for the hostile environment under a theory of either direct or vicarious liability. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

"[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 114 S. Ct. 367, 371 (1993). "'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 118 S. Ct. 2275, 2283 (1998) (citation omitted).

8

With regard to Selby's discrimination claim, she has not identified any similarly situated employee - that is, one with the same attendance and discipline problems - who was treated differently than her. Accordingly, she did not establish a *prima facie* case of discrimination under the *McDonnell-Douglas* framework. With regard to Selby's harassment claim, she identified only one incident of hostility based on her race: a coworker yelled "You load! You load! You load!" with a fake accent mimicking Selby's Asian-Pacific dialect. This single incident of teasing was not so severe or pervasive that it altered the terms and conditions of Selby's employment, so she did not establish a *prima facie* case of harassment. *See Faragher*, 118 S. Ct. at 2283. Accordingly, the district court did not err by granting summary judgment to Tyco on these claims.

IV.

On appeal from a district court order after a bench trial, "we review the court's conclusions of law *de novo* and its findings of fact for clear error." *HGI Assocs., Inc. v. Wetmore Printing Co.*, 427 F.3d 867, 873 (11th Cir. 2005). "[W]hen there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Burrell v. Bd. of Trs. of Ga. Military Coll.*, 125 F.3d 1390, 1394 (11th Cir. 1997).

It is unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation under Title VII or § 1981, an employee must show "[(1)] he engaged in statutorily protected activity, [(2)] he suffered a materially adverse action, and [(3)] there was some causal relation between the two events." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2410-16 (2006)). As discussed above, the FCRA parallels Title VII, and retaliation claims brought under that statute are analyzed under the same framework as those brought under Title VII. *Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192,1195 n.1 (11th Cir.2004).

The filing of an EEOC charge constitutes a "statutorily protected activity." *See Goldsmith*, 513 F.3d at 1277. A materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N.*, 126 S. Ct. at 2415 (quotation marks omitted).

"After the plaintiff has established the elements of a claim, the employer has an opportunity to articulate a legitimate, nonretaliatory reason for the challenged

10

employment action as an affirmative defense to liability." *Goldsmith*, 513 F.3d at 1277 (citation omitted). If the employer succeeds in discharging this light burden, the plaintiff may prevail only by "demonstrat[ing] that the proffered reason was not the true reason for the employment decision. . . . [The plaintiff] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 101 S. Ct. 1089, 1095 (1981). "The plaintiff bears the ultimate burden of proving retaliation by a preponderance of the evidence and that the reason provided by the employer is a pretext for prohibited retaliatory conduct." *Goldsmith*, 513 F.3d at 1277 (citation omitted).

The district court did not err in finding Selby established a *prima facie* case of retaliation: her complaints of discrimination, filed with the Florida Commission on Human Relations and Equal Employment Opportunity Commission, were protected activities; her termination was an adverse employment action; and the short gap of time between these events created an inference of a causal link. Further, and contrary to Selby's argument otherwise, Tyco met its light burden of articulating a legitimate, non-discriminatory reason for its action: Tyco's Human Resources Manager testified he fired Selby after she was insubordinate and left

11

work early without a supervisor's permission.  Selby offered no evidence to dispute this explanation.  Accordingly, the district court did not clearly err by finding Selby failed to prove she was terminated because of her race or national origin.

Upon review of the record and consideration of the parties' briefs, we find no discernible error.  Accordingly, we affirm.

**AFFIRMED.**