997 So.2d 1257 (2009)
Charlene M. BIFULCO, Appellant,
v.
PATIENT BUSINESS & FINANCIAL SERVICES, INC., Appellee.
No. 5D08-98.
District Court of Appeal of Florida, Fifth District.
January 2, 2009.
Frederick C. Morello and Michael G. Howard of Frederick C. Morello, P.A., Daytona Beach, for Appellant.
Thomas J. Leek and Kelly V. Parsons of Cobb Cole, Daytona Beach, for Appellee.
TORPY, J.
Appellant, Charlene Bifulco appeals from a final summary judgment entered in favor of her former employer, Patient Business & Financial Services, Inc., on her complaint alleging that PBFS violated Florida's Private Whistle Blower Act and Workers' Compensation Law when it terminated her employment for retaliatory purposes. We affirm without discussion as to the private whistle blower count but reverse the judgment as to the workers' compensation retaliation claim.
PBFS is a not-for-profit corporation established for the sole purpose of performing billing services for Halifax Hospital Medical Center, a special taxing district of the State of Florida. Appellant had been employed by PBFS until her employment was terminated, allegedly in retaliation for filing a workers' compensation claim, in violation of section 440.205, Florida Statutes (2007). Section 440.205 prohibits an employer from discharging an employee "by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."
The sole basis for the summary judgment was the trial court's conclusion that Appellant's failure to provide presuit notice pursuant to section 768.28(6), Florida Statutes was fatal to Appellant's claim. In ruling that presuit notice was required for Appellant's workers' compensation retaliation claim, the trial court relied on Kelley v. Jackson County Tax Collector, 745 So.2d 1040 (Fla. 1st DCA 1999). In Kelley, *1258 our sister court affirmed the dismissal of a complaint for retaliatory discharge under section 440.205 because the plaintiff had failed to comply with the presuit notice requirements of section 768.28. The First District stated that an "an action for retaliatory discharge under section 440.205 is clearly a `tort' within the meaning of section 768.28 and presuit notice is therefore required. Scott v. Otis Elevator Co., 524 So.2d 642 (Fla.1988) (holding that retaliatory discharge is tortious in nature)." Id. at 1040-41. Appellant argues that Kelley was wrongly decided. We agree and reverse. In doing so, we acknowledge conflict with Kelley.[1]
The sole purpose for the enactment of section 768.28 was to waive sovereign immunity for breaches of common law torts. Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So.2d 912, 917 (Fla.1985). The condition precedent of presuit notice, created by section 768.28, was only intended to apply to suits for which immunity was waived by enactment of the statute, to wit: common law torts. A claim for violation of section 440.205, although perhaps tort-like in nature, is not a claim sounding in common law tort.
Scott v. Otis Elevator Co., 524 So.2d 642 (Fla.1988), upon which the court relied in Kelley, does not hold to the contrary. There, the supreme court held that a violation of section 440.205 is governed by the four year statute of limitations because the claim is "tortious in nature." Id. at 643. We do not interpret Scott to hold that a section 440.205 claim, a creature of statute, is tantamount to a common law tort for all purposes. Only that it is most analogous to tort for purposes of discerning which statute of limitation is most appropriate.[2]
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
LAWSON and EVANDER, JJ., concur.
NOTES
[1] We also acknowledge conflict with the Third District's opinion in Osten v. City of Homestead, 757 So.2d 1243, 1244 (Fla. 3d DCA 2000).
[2] We have not overlooked Scott v. Otis Elevator Co., 572 So.2d 902 (Fla. 1990) ("Scott II"). In that case, our high court concluded that damages for emotional distress were available in a section 440.205 claim. Although it labeled the 440.205 claim as an "intentional tort," we interpret that reference to mean nothing more than a section 440.205 claim is analogous to an intentional tort for purposes of determining what damages may be awarded.