POLSTON, J.
 

 In this case, we review the decision of the Fifth District Court of Appeal in
 
 Bifulco v. Patient Business & Financial Services, Inc.,
 
 997 So.2d 1257 (Fla. 5th DCA 2009), on the ground that it expressly and directly conflicts with the decision of the First District Court of Appeal in
 
 Kelley v. Jackson County Tax Collector,
 
 745 So.2d 1040 (Fla. 1st DCA 1999), and the decision of the Third District Court of Appeal in
 
 Osten v. City of Homestead,
 
 757 So.2d 1243 (Fla. 3d DCA 2000).
 
 [1]
 
 The issue is whether workers’ compensation retaliation claims brought against the State under section 440.205, Florida Statutes (2004), are subject to the presuit notice requirements of section 768.28(6), Florida Statutes (2004).
 
 [2]
 
 For the reasons expressed below, we hold that the presuit notice requirements of section 768.28(6) do not apply to causes of action brought against the State under section 440.205.
 
 [3]
 

 I. BACKGROUND
 

 Patient Business & Financial Services (PBFS) is a nonprofit corporation established solely to perform billing services for Halifax Hospital Medical Center, which is a special taxing district of the State of Florida.
 
 Bifulco,
 
 997 So.2d at 1257. Charlene Bifulco worked for PBFS as an admitting registrar from July 2002 until May 2004, when her employment was terminated. Bifulco filed suit against PBFS, alleging that she was fired in retaliation for filing a workers’ compensation claim in violation of section 440.205, Florida Statutes.
 
 Id.
 
 The trial court granted summary judgment in favor of PBFS, concluding that Bifulco’s “failure to provide presuit notice pursuant to section 768.28(6), Florida Statutes!,] was fatal to [her] claim.”
 
 Id.
 
 In doing so, the trial court relied on the decision of the First District in
 
 Kelley,
 
 which affirmed the dismissal with prejudice of a complaint for retaliatory discharge under section 440.205 because the plaintiff had not complied with the presuit
 
 *1257
 
 notice requirements of section 768.28(6). The First District in
 
 Kelley
 
 held that “[a]n action for retaliatory discharge under section 440.205 is clearly a ‘tort’ within the meaning of section 768.28 and presuit notice is therefore required.
 
 Scott v. Otis Elevator Co.,
 
 524 So.2d 642 (Fla.1988) (holding that retaliatory discharge is tortious in nature).”
 
 Kelley,
 
 745 So.2d at 1040-41.
 

 On appeal, the Fifth District reversed the trial court’s summary judgment.
 
 Bifulco,
 
 997 So.2d at 1258. The Fifth District explained its reasoning for holding that the presuit notice requirements of section 768.28(6) are inapplicable to claims under section 440.205:
 

 The sole purpose for the enactment of section 768.28 was to waive sovereign immunity for breaches of common law torts.
 
 Trianon Park Condo. Ass’n, Inc. v. City of Hialeah,
 
 468 So.2d 912, 917 (Fla.1985). The condition precedent of presuit notice, created by section 768.28, was only intended to apply to suits for which immunity was waived by enactment of the statute, to wit: common law torts. A claim for violation of section 440.205, although perhaps tort-like in nature, is not a claim sounding in common law tort.
 

 Id.
 
 Because Bifulco was not required to provide presuit notice to PBFS, the sole basis for the trial court’s summary judgment was reversed. Stating that
 
 Kelley
 
 was “wrongly decided,” the Fifth District acknowledged conflict with the First District in
 
 Kelley
 
 and the Third District in
 
 Osten.
 

 [4]
 

 We granted review to resolve this conflict.
 

 II. ANALYSIS
 

 Section 440.205 of the Workers’ Compensation Law creates a cause of action for employees who are subject to retaliatory treatment by their employers for attempting to claim workers’ compensation.
 
 Smith v. Piezo Tech. & Prof’l Adm’rs,
 
 427 So.2d 182, 188-84 (Fla.1988). Specifically, section 440.205 provides the following:
 

 No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee’s valid claim for compensation or attempt to claim compensation under the Workers’ Compensation Law.
 

 Section 440.02(16)(a), Florida Statutes (2004), defines “Employer” to include “the state and all political subdivisions thereof [and] all public and quasi-public corporations therein.” And section 440.03, Florida Statutes (2004), provides that “[e]very employer and employee as defined in s. 440.02 shall be bound by the provisions of this chapter.” Therefore, under the plain language of the Workers’ Compensation Law, actions for workers’ compensation retaliation are authorized against the State and any of its subdivisions, as employers. By enacting chapter 440, the Legislature waived sovereign immunity for workers’ compensation retaliation claims when the State and its subdivisions are acting as employers.
 
 See Maggio v. Fla. Dep’t of Labor & Employment Sec.,
 
 899 So.2d 1074, 1078-79, 1081 (Fla.2005) (explaining that the Florida Civil Rights Act’s inclusion of the State as an “employer” subject to liability was “a waiver of sovereign immunity independent of the waiver contained in section 768.28”).
 

 Moreover, the Legislature’s choice not to refer to section 768.28 within chapter 440 is additional evidence that claims brought under section 440.205 are not subject to the presuit notice requirements of
 
 *1258
 
 section 768.28(6). When the Legislature has intended particular statutory causes of action to be subject to the requirements of section 768.28(6),
 
 it
 
 has made its intent clear by enacting provisions explicitly stating that section 768.28 applies.
 
 See, e.g.,
 
 § 556.106(2)(a), Fla. Stat. (2004) (“Any liability of the state and its agencies and its subdivisions which arises out of this chapter shall be subject to the provisions of s. 768.28.”); §.45.061(5), Fla. Stat. (2004) (“This section shall not be construed to waive the limits of sovereign immunity set forth in s. 768.28.”); § 351.03(4)(c), Fla. Stat. (2004) (“Nothing in this subsection shall be construed to nullify the liability provisions of s. 768.28.”); § 393.075(3), Fla. Stat. (2004) (“Nothing in this section amends, expands, or supersedes the provisions of s. 768.28.”); § 395.50(5)(b), Fla. Stat. (2004) (“The provisions of this section do not supersede the provisions of s. 768.28.”).
 

 Similarly, in several instances, the Legislature has chosen to make the requirements of section 768.28(6) applicable by waiving sovereign immunity through reference to section 768.28 rather than through the definitions within a statutory cause of action.
 
 See, e.g.,
 
 § 252.944, Fla. Stat. (2004) (“The commission and the committees are state agencies, and the members of the commission and committees are officers, employees, or agents of the state for the purposes of s. 768.28.”); § 455.32(5), Fla. Stat. (2004) (“The provisions of s. 768.28 apply to each such corporation, which is deemed to be a corporation primarily acting as an instrumentality of the state....”).
 

 By contrast, the Legislature has made no indication that it intends the presuit notice requirements of section 768.28(6) to apply to causes of action brought under section 440.205. Instead of waiving sovereign immunity in such actions by referring to section 768.28, the Legislature chose to create liability through its specific and clear definition of “employer,” which includes the State and its subdivisions. Because the Legislature did not refer to section 768.28 or its subsections within chapter 440, and explicitly authorized retaliatory discharge actions when the State is the employer, it is apparent that the Legislature intended to waive sovereign immunity in retaliatory discharge actions, independent of the waiver and notice provisions contained in section 768.28.
 

 III. CONCLUSION
 

 Because chapter 440 contains a waiver of sovereign immunity independent of the waiver contained in section 768.28, we hold that the presuit notice requirements of section 768.28(6) do not apply to retaliatory discharge actions brought against the State under section 440.205. Accordingly, we approve the holding of the Fifth District in
 
 Bifulco
 
 and remand for further proceedings. We also disapprove the decision of the First District in
 
 Kelley
 
 and the decision of the Third District in
 
 Osten
 
 to the extent they are inconsistent with this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3), Fla. Const.
 

 [2]
 

 . There have been no changes to section 440.205 or section 768.28(6) since the claims arose in the case under review or the conflict cases.
 

 [3]
 

 . Bifulco also seeks review of the Fifth District’s decision to affirm the trial court’s summary judgment in favor of Patient Business & Financial Services on Bifulco’s private whistle-blower claim. We decline to address this issue, which is beyond the scope of the conflict.
 
 See Kasischke v. State,
 
 991 So.2d 803, 815 (Fla.2008).
 

 [4]
 

 . In
 
 Osten,
 
 the Third District explicitly agreed with and followed the First District's reasoning and holding in
 
 Kelley. Osten,
 
 757 So.2d at 1244.