IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,
DEPARTMENT OF ELDER
AFFAIRS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

CASE NO. 1D15-5704

v.

CLARE CALDWELL,

     Appellee.

_____/

Opinion filed September 8, 2016.

An appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

William Peter Martin and William T. Jackson of Dennis, Jackson, Martin & Fontela,
P.A., Tallahassee, for Appellant.

Marie A. Mattox, Tallahassee, for Appellee.

PER CURIAM.

The State of Florida, Department of Elder Affairs (Department) asserts that

the trial court erred in denying its motion for judgment on the pleadings upon finding

that the Department was not entitled to sovereign immunity, as a matter of law, on

Clare Caldwell's claim against the Department pursuant to section 400.0083(3)(a), Florida Statutes (2011). We agree and reverse.

Caldwell was employed by the Department as the South Regional Ombudsman from March 2003 until her termination in September 2011. During her tenure, the United States Agency on Aging (AOA) initiated an investigation into the termination of the Statewide Ombudsman and the Department's practices of interfering with this position. Caldwell took the following actions in response to the investigation: (1) she sent an e-mail to her subordinates and other staff members informing them of the investigation; (2) she communicated with AOA investigators about conditions existing in the Ombudsman program, potential interference with persons and employees associated with the program, and actions by the Department to impair the independence of the Ombudsman; and (3) she went on record during an Ombudsman State Council meeting with her belief that the program should maintain its statutory independence.

In August 2011, AOA released its investigative report, which was critical of the Department's oversight of the Ombudsman program. Caldwell, shortly thereafter, was informed that she served at the will of the Secretary and he no longer needed her services. Following her termination, Caldwell filed an amended complaint against the Department, alleging "Interference with an Ombudsman" in violation of section 400.0083. Caldwell alleged that the Department's actions

2

interfered with her position with the Statewide Ombudsman's Office and the function of the office in violation of state law. She also alleged that the Department was civilly liable under section 400.0083(3)(a), which established a private right of action "for damages and equitable relief," including, she alleged, past and future wage losses, loss of benefits, and emotional pain and suffering. In response, the Department filed a motion for judgment on the pleadings, asserting its immunity from suit under the doctrine of sovereign immunity. After a hearing, the trial court entered an order denying the Department's motion, concluding that the Department was not entitled to sovereign immunity from claims brought under section 400.0060, et seq., Florida Statutes. This appeal follows.

The immunity of the State of Florida and its agencies from liability for claims arising under Florida law or common law is absolute absent a clear, specific, and unequivocal waiver by legislative enactment. Klonis v. State, Dep't of Revenue, 766 So. 2d 1186, 1189 (Fla. 1st DCA 2000). Whether a legislative enactment has waived the defense of sovereign immunity is a pure question of law reviewed de novo. Id.

The legislative enactment at issue here is part I of chapter 400, Florida Statutes (2011), entitled "Long-Term Care Facilities: Ombudsman Program." Specifically, section 400.0061, Florida Statutes (2011), provides in pertinent part:

> (1) The Legislature finds that conditions in long-term care facilities in this state are such that the rights, health, safety, and welfare of residents are not fully ensured by the rules of the Department of Elderly Affairs or the Agency for Health Care Administration or by the

3

good faith of owners or operators of long-term care facilities. Furthermore, there is a need for a formal mechanism whereby a long-term care facility resident, a representative of a long-term care facility resident, or any other concerned citizen may make a complaint against the facility or its employees, or against other persons who are in a position to restrict, interfere with, or threaten the rights, health, safety, or welfare of a long-term care facility resident. The Legislature finds that concerned citizens are often more effective advocates for the rights of others than governmental agencies. The Legislature further finds that in order to be eligible to receive an allotment of funds authorized and appropriated under the federal Older Americans Act, the state must establish and operate an Office of State Long-Term Care Ombudsman, to be headed by a State Long-Term Care Ombudsman, and carry out a long-term care ombudsman program.

(2) It is the intent of the Legislature, therefore, to utilize voluntary citizen ombudsman councils under the leadership of the ombudsman, and through them to operate an ombudsman program which shall, without interference by an executive agency, undertake to discover, investigate, and determine the presence of conditions or individuals which constitute a threat to the rights, health, safety, or welfare of the residents of long-term care facilities. . . .

In addition, section 400.0083, Florida Statutes (2011), provides:

(1) It shall be unlawful for any person, long-term care facility, or other entity to willfully interfere with a representative of the office, the state council, or a local council in the performance of official duties.

(2) It shall be unlawful for any person, long-term care facility, or other entity to knowingly or willfully take action or retaliate against any resident, employee, or other person for filing a complaint with, providing information to, or otherwise cooperating with any representative of the office, the state council, or a local council.

(3) Any person, long-term care facility, or other entity that violates this section:

(a) Shall be liable for damages and equitable relief as determined by law.

(b) Commits a misdemeanor of the second degree, punishable as provided in s. 775.083.

The terms "person" and "other entity" are not defined anywhere in chapter 400 to

4

include the state or its agencies, and the general definition of "person" in section 1.01(3) does not include the state or its agencies. Under these circumstances, there is no clear and unequivocal waiver of sovereign immunity for claims under section 400.0083.

Although Caldwell points out that the Legislature has expressed the general intent in section 400.0061(2) to utilize voluntary citizen ombudsman councils under the leadership of the ombudsman to operate an ombudsman program without interference by an executive agency, there is no indication that the Legislature specifically intended to permit the Department to be sued for "interference" in the internal management and operation of the ombudsman program, especially where the Legislature has provided that the "[t]he ombudsman shall be appointed by and shall serve at the pleasure of the Secretary of Elder Affairs." § 400.0063(2)(b), Fla. Stat. (2011). Even if it could be inferred that the Legislature intended to permit the Department to be sued for "interference by an executive agency" under section 400.0083(3)(a), such an inference is not sufficient to constitute a clear and unequivocal waiver of sovereign immunity. See Fla. Dep't of Transp. v. Schwefringhaus, 41 Fla. L. Weekly S137, S139 (Fla. Apr. 7, 2016) ("Waiver cannot be found by inference or implication, and statutes waiving sovereign immunity must be strictly construed."); Bradsheer v. Fla. Dep't of Highway Safety & Motor Vehicles, 20 So. 3d 915, 921 (Fla. 1st DCA 2009) ("Any waiver must be clear and

5

unequivocal, and cannot be implied or inferred."). Finally, to the extent that Caldwell claims the Legislature waived sovereign immunity under section 768.28(5), Florida Statutes, that provision applies only to tort claims, not to statutory claims such as retaliatory discharge. Bifulco v. Patient Bus. & Fin. Servs., Inc., 39 So. 3d 1255 (Fla. 2010).* Because the Department established that it was entitled to sovereign immunity as a matter of law, the trial court erred in denying the Department's motion for judgment on the pleadings. Accordingly, we reverse and remand with directions that judgment be entered in the Department's favor.

REVERSED and REMANDED with directions.

ROWE, OSTERHAUS, and WINSOR, JJ., CONCUR.

---

\* Caldwell's prior attempt to seek relief under the Whistleblower Act was unsuccessful because she failed to plead the prima facie elements necessary to initiate the operation of the Act. Caldwell v. Fla. Dep't of Elder Affairs, 121 So. 3d 1062, 1063 (Fla. 1st DCA 2013).