DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCHOOL BOARD OF BROWARD COUNTY** a/k/a
**BROWARD COUNTY SCHOOL BOARD,**
Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellee.

Nos. 4D2022-3144 & 4D2023-0722

_____

**THE PALM BEACH COUNTY SCHOOL BOARD** a/k/a
**SCHOOL DISTRICT OF PALM BEACH COUNTY** d/b/a
**SCHOOL BOARD OF PALM BEACH COUNTY,**
Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellee.

No. 4D2023-0256

[July 3, 2024]

Consolidated appeals from the County Court for the Seventeenth Judicial Circuit, Broward County; Kathleen McHugh and Corey Amanda Cawthon, Judges; L.T. Case Nos. COCE22-018110 and COSO22-000994; and the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Frank S. Castor, Judge; L.T. Case No. 502022CC000293.

Hudson C. Gill of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Fort Lauderdale, and Paula C. Kessler of Catri, Holton, Kessler & Kessler, P.A., Fort Lauderdale, for appellant School Board of Broward County.

Sean Fahey of Office of General Counsel, School Board of Palm Beach County, West Palm Beach, for appellant School Board of Palm Beach County.

Nancy A. Copperthwaite, Marcy Levine Aldrich, and Joni Armstrong Coffey of Akerman LLP, Miami, for appellee.

Robert J. Hauser of Sniffen & Spellman, P.A., West Palm Beach, for Amicus Curiae Florida School Boards Insurance Trust in support of appellants.

KLINGENSMITH, C.J.

In these consolidated cases, the School Boards of Broward and Palm Beach Counties (collectively the "School Boards") appeal three county court final judgments entered against them on State Farm's claims for reimbursement of PIP benefits paid to persons injured in separate school bus accidents. The issue presented here is one of statutory interpretation—whether the Florida Legislature waived the sovereign immunity of school boards for PIP reimbursement claims brought under section 627.7405(1), Florida Statutes (2019). Our sister court addressed this same issue in *Lee County School Board v. State Farm Mutual Automobile Insurance Co.*, 276 So. 3d 352 (Fla. 2d DCA 2019), and held that chapter 627 clearly and expressly waives the sovereign immunity of school boards for such claims. For the reasons set forth below, we disagree and certify conflict with that decision.

## I.     Background

### A. School Board of Broward

State Farm filed two nearly identical county court complaints against the Broward School Board seeking reimbursement of PIP benefits paid to its insureds who were involved in separate school bus accidents. In each complaint, State Farm cited *Lee County* for the proposition that it could sue the Broward School Board for reimbursement under section 627.7405(1).

The Broward School Board moved to dismiss each complaint, arguing (1) it was entitled to sovereign immunity, and (2) the Florida Legislature did not intend that school boards be held liable for PIP reimbursement, citing legislative history materials in support. After the county courts denied the motions to dismiss, the Broward School Board answered the complaints, raising the same defenses. Ultimately, the county courts

2

entered final summary judgments in favor of State Farm, holding in part that the Broward School Board was not entitled to sovereign immunity under *Lee County*.[1]

**B. School Board of Palm Beach County**

State Farm filed a third county court complaint against the Palm Beach School Board seeking PIP reimbursement under section 627.7405(1). The Palm Beach School Board answered the complaint, raising sovereign immunity as an affirmative defense.

State Farm then moved for summary judgment, arguing the Palm Beach School Board was not entitled to sovereign immunity from its reimbursement claim under *Lee County*. The Palm Beach School Board cross-moved for summary judgment, acknowledging that it was not entitled to immunity under *Lee County*, but arguing that case was wrongly decided.

After a hearing, the county court entered summary judgment for State Farm, holding the Palm Beach School Board was not entitled to sovereign immunity. Although that lower court's judgment did not cite to *Lee County*, its reasoning closely follows the Second District's rationale.

## II.  Analysis

**A. Sovereign Immunity**

The applicability of sovereign immunity is a purely legal issue subject to de novo review. *Town of Gulf Stream v. Palm Beach County*, 206 So. 3d 721, 725 (Fla. 4th DCA 2016) (citing *Plancher v. UCF Athletics Ass'n*, 175 So. 3d 724, 725 n.3 (Fla. 2015)). More specifically, whether a legislative enactment waives sovereign immunity is reviewed de novo. *Fla. Fish & Wildlife Conservation Comm'n v. Hahr*, 326 So. 3d 1165, 1167 (Fla. 1st DCA 2021) (quoting *State, Dep't of Elder Affs. v. Caldwell*, 199 So. 3d 1107, 1109 (Fla. 1st DCA 2016)).

In Florida, sovereign immunity protects the state and its subdivisions from suit unless it is waived, i.e., "immunity is the rule, rather than the

---

[1] We take no issue with the county court's reliance on *Lee County* in rendering its decision because it was bound to follow that case. *See State v. Hayes*, 333 So. 2d 51, 53 (Fla. 4th DCA 1976) (holding a trial court is bound to follow the opinion of a "foreign" district court of appeal in the absence of a contrary decision from the district court where trial court sits).

exception." *Town of Gulf Stream*, 206 So. 3d at 725 (citing *Pan–Am Tobacco Corp. v. Dep't of Corrs.*, 471 So. 2d 4, 5 (Fla. 1984)).  Under the Florida Constitution, only the legislature is vested with the power to abrogate the state's sovereign immunity.  *See* Art. X, § 13, Fla. Const. ("Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating.").

Any statute "purportedly waiving immunity should be strictly construed." *Dep't of Highway Safety & Motor Vehicles v. Hightower*, 306 So. 3d 1193, 1196 (Fla. 1st DCA 2020) (citing *Spangler v. Fla. State Tpk. Auth.*, 106 So. 2d 421, 424 (Fla. 1958)).  Accordingly, any waiver of sovereign immunity "must be clear and unequivocal." *Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 472 (Fla. 2005) (citing *Manatee County v. Town of Longboat Key*, 365 So. 2d 143, 147 (Fla. 1978)).  Further, a waiver "should not be found where it can only be inferred from or implied by the text of a statute." *Hightower*, 306 So. 3d at 1196 (citing *Spangler*, 106 So. 2d at 424).  Still, "no particular magic words are required" for the legislature to clearly waive immunity.  *Id.* (quoting *Klonis v. State, Dep't of Revenue*, 766 So. 2d 1186, 1189 (Fla. 1st DCA 2000)).

These rules of strict construction pertaining to waivers of sovereign immunity exist "for the obvious reason that the immunity of the sovereign is a part of the public policy of the state," which is enforced "as a protection of the public against profligate encroachments on the public treasury." *Spangler*, 106 So. 2d at 424.  Separation of powers principles also underpin the doctrine of sovereign immunity.  *Am. Home Assur. Co.*, 908 So. 2d at 471 (citing *Commercial Carrier Corp. v. Indian River County*, 371 So. 2d 1010, 1022 (Fla. 1979)).

## B. Chapter 627, Florida Statutes

Under section 627.7405(1), an insurer providing PIP benefits on a "private passenger" motor vehicle has a right of reimbursement against the owner or the insurer of a "commercial" motor vehicle.  The statute reads, in pertinent part, as follows:

> (1) Notwithstanding ss. 627.730-627.7405, ***an insurer providing personal injury protection benefits on a private passenger motor vehicle shall have***, to the extent of any personal injury protection benefits paid to any person as a benefit arising out of such private passenger motor vehicle insurance, ***a right of reimbursement against the owner or the insurer of the owner of a commercial motor vehicle*** .
> . . .

4

§ 627.7405(1), Fla. Stat. (2019) (emphasis added).

Section 627.732(3)(b), Florida Statutes (2019), defines a commercial motor vehicle as including vehicles used in "public school transportation," i.e., public school buses. The statute reads as follows:

> (b) A "commercial motor vehicle," which is any motor vehicle which is not a private passenger motor vehicle.
>
> ***The term "motor vehicle" does not include a mobile home or any motor vehicle which is used in mass transit, other than public school transportation***, and designed to transport more than five passengers exclusive of the operator of the motor vehicle and which is owned by a municipality, a transit authority, or a political subdivision of the state.

§ 627.732(3)(b), Fla. Stat. (2019) (emphasis added).

### C. *Lee County*

In the Second District's *Lee County* decision, the court held—as a matter of first impression—that a private motor vehicle insurer may sue a school board for reimbursement under section 627.7405(1) when the private insurer pays PIP benefits to cover injuries sustained in a school bus accident. *Lee County*, 276 So. 3d at 358.

The court reasoned that, because section 627.732(3)(b) includes vehicles used for "public school transportation" in the definition of a commercial motor vehicle, and section 627.7405(1) creates a right of reimbursement against the owner of a commercial motor vehicle, "the legislature has clearly and unequivocally waived sovereign immunity" for PIP reimbursement actions brought against school boards to recover benefits paid in connection with school bus accidents. *Id.* at 355-56. In finding a clear waiver of sovereign immunity, the *Lee County* court gave significant weight to the history and unique phrasing of the statutory definition of a commercial motor vehicle. *Id.* at 354-56.

The court stressed that, prior to 1997, section 627.732 excluded public school buses from the commercial motor vehicle definition. *Id.* at 355. Then, in 1997, the legislature amended the statute to its current form, which not only includes vehicles used for public school transportation in the definition of a commercial motor vehicle, but also excludes "other vehicles 'used in mass transit' and 'owned by a municipality, a transit

authority, or a political subdivision of the state.'" *Id.* at 355-56 (quoting § 627.732(3)(b), Fla. Stat. (2015)). In the court's view, unless the legislature intended to waive a school board's sovereign immunity for section 627.7405(1) PIP reimbursement claims, the express exclusion of other government vehicles from the definition of a commercial motor vehicle would have been unnecessary. *Id.* at 356 (citing *Gordon v. Fishman*, 253 So. 3d 1218, 1220 (Fla. 2d DCA 2018)).

In sum, the court held that, by expressly including public school buses "in the definition of vehicles subject to a statutory cause of action for reimbursement," the legislature expressly waived the sovereign immunity of school boards "in actions brought pursuant to section 627.7405(1)." *Id.*

### D. Our Disagreement with *Lee County*

Under our court's reading of the applicable statutes, the plain language of chapter 627 does not clearly and unequivocally waive the sovereign immunity of school boards for PIP reimbursement claims. Although section 627.732(3)(b) clearly includes school buses in the category of *vehicles* covered by section 627.7405(1), chapter 627 does not identify a school board or any government entity as a proper *party* to be *sued* for reimbursement. Therefore, a finding that chapter 627 waives sovereign immunity would require us to infer that section 627.7405(1) authorizes PIP reimbursement suits against school boards, which cannot form the basis of a waiver. *See Hightower*, 306 So. 3d at 1196.

When evaluating if a statute clearly and expressly waives sovereign immunity, Florida courts have given significant weight to whether the statute in question includes government entities in its definition of the *party* to be *sued* on a cause of action. For example, in *Maggio v. Florida Department of Labor & Employment Security*, 899 So. 2d 1074 (Fla. 2005), the Florida Supreme Court held the Florida Civil Rights Act, chapter 760, Florida Statutes, unequivocally waived sovereign immunity for employment discrimination claims because it included state entities in its definition of the proper party to be sued for discrimination. *Id.* at 1078. Specifically, the relevant provisions of the Act: (1) created a cause of action against any "employer," (2) defined "employer" as any "person" employing 15 or more employees, and (3) separately defined "person" to include "the state; or any governmental entity or agency." *Id.* (quoting §§ 760.10(1)(a), .02(6)-(7), Fla. Stat. (2003)). Taken together, the Court reasoned that the "inclusion of the State in the definition of 'person' and, hence, 'employer' evidences a clear, specific, and unequivocal intent to waive sovereign immunity." *Id.* at 1078-79 (citing *Klonis*, 766 So. 2d at 1190).

6

Likewise, other Florida cases deciding whether a statute contains a clear sovereign immunity waiver turn on whether the statute defines the *party* to be sued on a cause of action as including state entities. *Compare Bifulco v. Patient Bus. & Fin. Servs., Inc.,* 39 So. 3d 1255, 1256-57 (Fla. 2010) (finding the Workers' Compensation Law, chapter 440, Florida Statutes, waives immunity for retaliation claims because it creates a cause of action against any "employer" and defines "employer" to include the state and its subdivisions); *with Hightower,* 306 So. 3d at 1200 (holding the Florida Uniformed Servicemembers Protection Act, chapter 250, Florida Statutes, does not waive sovereign immunity, in part, because it does not "define[] the State as a defendant subject to a private cause of action for damages.").

Here, section 627.7405(1) creates a right of reimbursement against the "owner" or the "insurer" of a commercial motor vehicle, and section 627.732(3)(b) includes public school buses in the definition of a "commercial motor vehicle." However, unlike the statutes addressed by the Florida Supreme Court in *Maggio* and *Bifulco,* chapter 627 does not include state entities in the definition of the *party* subject to suit for reimbursement, i.e., the "owner" or "insurer" of such a vehicle. Instead, section 627.732(5) merely defines an "owner" as a "person" who holds the legal title to a motor vehicle, and chapter 627 does not separately define the terms "person" or "insurer."[2]

The importance of this distinction between chapter 627 and those statutes clearly stating a waiver of sovereign immunity is well-illustrated in *State, Department of Elder Affairs v. Caldwell,* 199 So. 3d 1107 (Fla. 1st DCA 2016), where the First District held that a statutory scheme similar to chapter 627 did not clearly waive sovereign immunity because it did not specifically include state entities in its definition of the proper party to be sued. *See id.* at 1109-10.

In *Caldwell,* the plaintiff sued the Department of Elder Affairs under chapter 400, Florida Statutes (2011). *Id.* at 1108. One section created an ombudsman program to address conditions in long-term care facilities "without *interference* by an executive agency." *Id.* at 1109 (emphasis added) (quoting § 400.0061, Fla. Stat. (2011)). A separate section made it

---

2 We note that—except for the Second District's decision in *Lee County*—appellee has not identified, either in its briefing to the court or at oral argument, another published opinion finding a clear and express statutory waiver of sovereign immunity where, as here, the statutory scheme at issue does not specifically include state entities in its definition of the party to be sued on a cause of action.

unlawful for any "person" or "other entity" to "willfully *interfere* with a representative of the office" and created a civil cause of action for such interference. *Id.* (emphasis added) (quoting § 400.0083(1), (3)(a), Fla. Stat. (2011)). The trial court held that chapter 400 waived the Department's sovereign immunity, and the First District reversed. *Id.* at 1108-09.

On review, the First District emphasized that section 400.0083 created a cause of action against a "person" or "other entity." *Id.* at 1109. However, chapter 400 did not define those terms to include "the state or its agencies." *Id.* "Under these circumstances," the First District held there was "no clear and unequivocal waiver of sovereign immunity for claims under section 400.0083." *Id.* at 1110. Further, although section 400.0061 expressed an intent for the ombudsman program to operate without "interference by an executive agency," chapter 400 gave no indication that the legislature "specifically intended to permit the Department to be sued" for interfering with the program. *Id.* The First District stated that, even if it could infer the legislature meant to authorize suits against the Department, "such an inference is not sufficient to constitute a clear and unequivocal waiver of sovereign immunity." *Id.* (citing *Fla. Dep't of Transp. v. Schwefringhaus*, 188 So. 3d 840, 846 (Fla. 2016)).

Here, section 627.7405(1) creates a cause of action for PIP reimbursement against the "owner" or the "insurer" of a commercial motor vehicle. However, like the statutes at issue in *Caldwell*, chapter 627 does not define those terms to include school boards or any other state entity. Therefore, while school buses are included in the category of *vehicles* subject to PIP reimbursement, chapter 627 does not expressly authorize reimbursement *suits* against the state as a *party*. If we could infer—without an express textual statement—that the legislature meant to authorize reimbursement claims against the state, such an inference would not constitute a clear and unequivocal sovereign immunity waiver. *See id.*; *Hightower*, 306 So. 3d at 1196 (citing *Spangler*, 106 So. 2d at 424).

Primarily because *Lee County* seemingly draws that inference in finding chapter 627 waives the sovereign immunity of school boards, we respectfully disagree with that decision. There, the Second District relied heavily on the 1997 amendment to chapter 627, which first defined school buses as commercial motor vehicles.[3] The Second District reasoned that,

---

[3] Because the language of chapter 627 is clear, we believe that resorting to legislative history materials associated with that amendment as interpretive aids is not necessary to reach the proper result.

by classifying school buses, but not other government-owned mass transit vehicles, as commercial motor vehicles, the legislature meant "to waive the School Board's sovereign immunity" for PIP reimbursement claims. *Lee County*, 276 So. 3d at 356. Otherwise, "exclusion of other government-owned vehicles from the definition of 'commercial motor vehicle' would be unnecessary." *Id.* Stated differently, the Second District inferred that chapter 627 must permit reimbursement suits against school boards because a right of reimbursement exists against the owner of a commercial vehicle, and school buses are defined as "commercial motor vehicles," but other government vehicles are not.

We decline to infer that chapter 627 authorizes reimbursement suits against school boards for two reasons. First, because chapter 627 does not name any state entity as a proper party to be sued for PIP reimbursement, that inference is not based in the text of chapter 627. Second, that inference assumes only the state and its subdivisions, i.e., school boards, can be owners of school buses; thus, a waiver of sovereign immunity must have been created. However, Florida Administrative Code Rule 6A-3.0171 (2021) specifically recognizes that school boards can contract with private entities to provide transportation to public school students. *See* Fla. Admin. Code R. 6A-3.0171 (1), (5), and (8). Therefore, we believe section 627.7405(1) allows for the potential reimbursement of PIP benefits from those private owners of school buses serving public schools who are *not* otherwise entitled to sovereign immunity and their insurers.[4] However, chapter 627 does not create a waiver of school boards' sovereign immunity.

Importantly, to the extent we could reasonably infer that the inclusion of school buses in the class of *vehicles* subject to PIP reimbursement was intended to waive the sovereign immunity of school boards, i.e., public owners of school buses, we cannot find a waiver by inference. *See Spangler*, 106 So. 2d at 424 (noting that a statutory waiver of sovereign immunity "will not be reached as a product of inference or implication").

## III. Conclusion

The plain language of chapter 627 does not clearly and unequivocally waive the sovereign immunity of school boards for PIP reimbursement claims. While public school buses are included in the category of *vehicles*

---

[4] We express no view as to whether a private owner of a school bus who contracts with a school board to provide transportation for public school students might be entitled to sovereign immunity from a section 627.7405(1) PIP reimbursement claim in an appropriate case.

subject to PIP reimbursement, chapter 627 does not expressly define any state entity as a proper *party* to be *sued* for reimbursement. Therefore, a waiver can be found only by inferring that section 627.7405(1) authorizes reimbursement suits against state entities, including school boards. Such an inference, even if reasonable, cannot form the basis of a sovereign immunity waiver. *See Hightower*, 306 So. 3d at 1196 (citing *Spangler*, 106 So. 2d at 424).

Strictly construing chapter 627, as we must, we are "constrained to hold" that school boards retain their sovereign immunity from section 627.7405(1) PIP reimbursement claims absent a "clear and unequivocal" legislative expression to the contrary. *See Spangler*, 106 So. 2d at 424. Accordingly, we reverse the final summary judgments on review, remand for entry of judgments in the School Boards' favor and certify conflict with *Lee County School Board v. State Farm Mutual Automobile Insurance Co.*, 276 So. 3d 352 (Fla. 2d DCA 2019).

*Reversed and remanded; conflict certified.*

GROSS and FORST, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

10