# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2963
LT Case No. 2023-SC-002253

_____

SCHOOL BOARD OF MARION
COUNTY a/k/a THE MARION
COUNTY SCHOOL BOARD
d/b/a MARION COUNTY
PUBLIC SCHOOLS,

     Appellant,

     v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Appellee.

_____

On appeal from the County Court for Marion County.
LeAnn Patrice Mackey-Barnes, Judge.

Robert H. McLean, of DGHLegal, PLLC, Ocala, for Appellant.

Marcy Levine Aldrich, Joni Armstrong Coffey, and Nancy A.
Copperthwaite, of Akerman LLP, Miami, for Appellee.

November 21, 2024

LAMBERT, J.

The question that we confront in this appeal is whether a private motor vehicle insurer, in this case the appellee, State Farm Mutual Automobile Insurance Company ("State Farm"), may sue a school board under section 627.7405(1), Florida Statutes (2019), for reimbursement of personal injury protection ("PIP") benefits that it paid to cover injuries that its insured sustained in a school bus accident. The answer depends on whether a school board, in this case, the appellant, Marion County School Board ("School Board"), is entitled to immunity from being sued, which in turn depends on whether the Florida Legislature has waived the sovereign immunity of school boards in this circumstance.

Two of our sister courts have written opinions directly addressing this issue. In *Lee County School Board v. State Farm Mutual Automobile Insurance*, 276 So. 3d 352 (Fla. 2d DCA 2019), the Second District held that chapter 627 of the Florida Statutes clearly and unequivocally had waived sovereign immunity and that an insurer's action seeking reimbursement from the school board for PIP benefits that it had paid was thus not barred by sovereign immunity. *Id.* at 353–54.

The Fourth District Court of Appeal very recently reached the contrary conclusion. In *School Board of Broward County v. State Farm Mutual Automobile Insurance*, 390 So. 3d 27 (Fla. 4th DCA 2024), the court held that a school board's sovereign immunity was not waived in such circumstances because the finding of such a waiver could only be reached by *inference* and chapter 627 did not *clearly and unequivocally* waive the sovereign immunity of school boards from PIP reimbursement claims made by private insurers. *Id.* at 33–34. The Fourth District explained that such an inference, however reasonable, cannot form the basis of a sovereign immunity waiver, *id.* at 33–34; and it certified conflict with the Second District's decision in *Lee County School Board*.

For the following reasons, we agree with the Fourth District and hold that sovereign immunity for public school boards from PIP reimbursement suits has not been clearly and unequivocally waived by statute. We therefore reverse the final judgment entered in favor of State Farm.

2

# I.

The facts in this case are undisputed. State Farm's insured was an occupant on a school bus owned by School Board, and she sustained injuries when the bus was involved in a motor vehicle accident. The insured submitted a PIP claim under her policy to State Farm for payment of the reasonable and necessary medical expenses that she incurred resulting from the accident, and State Farm paid the sum of $7,062.26 to resolve the PIP claim. It thereafter filed suit against School Board under section 627.7405 seeking reimbursement of this sum, plus costs.

School Board moved to dismiss the suit with prejudice. It asserted that, as a governmental agency, it had immunity from the suit because sovereign immunity had not been clearly and unequivocally waived by the Florida Legislature for the PIP reimbursement claim. State Farm disagreed and, relying primarily upon *Lee County School Board*, moved for final judgment in its favor.

When the matter came before the trial court, counsel for the respective parties commendably conceded that the Second District's decision in *Lee County School Board* was the only binding precedent at the time and thus dictated the result. *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) (providing that "in the absence of interdistrict conflict, district court decisions bind all Florida trial courts" (citing *Weiman v. McHaffie*, 470 So. 2d 682, 684 (Fla. 1985))); *see also State v. Hayes*, 333 So. 2d 51, 53 (Fla. 4th DCA 1976) (holding that "[t]he proper hierarchy of decisional holdings would demand that in the event the only case on point on a district court level is from a district other than the one in which the trial court is located, the trial court be required to follow that decision" but "if the district court of the district in which the trial court is located has decided the issue, the trial court is bound to follow it").

The trial court properly followed this principle and entered final judgment in favor of State Farm and against School Board in the sum of $7,062.26, plus costs. The final judgment expressly acknowledged School Board's concession that *Lee County School Board* was the only binding precedent, but that School Board

3

reserved the right to maintain its sovereign immunity defense. School Board thereafter timely appealed.

## II.

We begin our analysis of this appeal with the recognition that "[s]overeign immunity is a common law principle that provides that 'a sovereign cannot be sued without its own permission.'" *Dep't of High. Saf. & Motor Veh. v. Hightower*, 306 So. 3d 1193, 1196 (Fla. 1st DCA 2020) (quoting *Fla. Dep't of Health v. S.A.P.*, 835 So. 2d 1091, 1094 (Fla. 2002)). The authority to grant this permission comes from article X, section 13 of the Florida Constitution, which states that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." The Florida Legislature is thus constitutionally empowered to enact statutes waiving the sovereign immunity of the State and its subdivisions and agencies, *see Irwin v. Signal Safe, Inc.*, 382 So. 3d 766, 770 (Fla. 3d DCA 2024), such as a county school board. *See Buck v. McLean*, 115 So. 2d 764, 765 (Fla. 1st DCA 1959) ("County boards of public instruction are agencies of the State . . . ." (citing *Bragg v. Bd. of Pub. Instruction of Duval Cnty.*, 36 So. 2d 222, 222 (Fla. 1948))).

Section 627.7405(1), upon which State Farm filed suit for the subject PIP reimbursement, provides, in pertinent part:

> Notwithstanding ss. 627.730-627.7405, an insurer providing personal injury protection benefits on a private passenger motor vehicle shall have, to the extent of any personal injury protection benefits paid to any person as a benefit arising out of such private passenger motor vehicle insurance, a right of reimbursement against the owner or the insurer of the owner of a commercial motor vehicle, if the benefits paid result from such person having been an occupant of the commercial motor vehicle . . . .

§ 627.7405(1), Fla. Stat. (2019).

For purposes of this statute, the term "commercial motor vehicle" is defined in section 627.732(3)(b), Florida Statutes. It reads:

4

A "commercial motor vehicle," . . . is any motor vehicle which is not a private passenger motor vehicle.

The term "motor vehicle" does not include a mobile home or any motor vehicle which is used in mass transit, other than public school transportation, and designed to transport more than five passengers exclusive of the operator of the motor vehicle and which is owned by a municipality, a transit authority, or a political subdivision of the state.

§ 627.732(3)(b), Fla. Stat.

Consistent with its position below, State Farm argues that the Second District in *Lee County School Board* correctly interpreted these two statutes as the Legislature having clearly and unequivocally waived sovereign immunity for school boards under the facts of the instant case; accordingly, it requests that we affirm the final judgment.[1] Conversely, School Board asserts that the Fourth District's opinion in *School Board of Broward County*, issued while the instant appeal was pending,[2] holding that sovereign immunity for public school boards in this circumstance has not been waived is correct; School Board thus asks that we reverse the final judgment entered against it with directions that the suit be dismissed.

### III.

Whether a legislative enactment waived sovereign immunity is reviewed de novo. *Sch. Bd. of Broward Cnty.*, 390 So. 3d at 29 (citing *Fla. Fish & Wildlife Conser. Comm'n v. Hahr*, 326 So. 3d 1165, 1167 (Fla. 1st DCA 2021)). However, because "sovereign immunity is the rule, rather than the exception," *Town of Gulf Stream v. Palm Beach County*, 206 So. 3d 721, 725 (Fla. 4th

---

[1] School Board did not contest the reasonableness of the PIP benefits paid or that they were related to the subject accident.

[2] The parties requested, and were granted, leave to file supplemental briefs addressing the decision in *School Board of Broward County*.

5

DCA 2016) (citing *Pan-Am Tobacco Corp. v. Dep't of Corr.*, 471 So. 2d 4, 5 (Fla. 1984)), "[a]ny statute 'purportedly waiving immunity should be strictly construed.'" *Sch. Bd. of Broward Cnty.*, 390 So. 3d at 29 (quoting *Hightower*, 306 So. 3d at 1196). The reason such statutes are strictly construed is to provide "a protection of the public against profligate encroachments on the public treasury." *Spangler v. Fla. State Tpk. Auth.*, 106 So. 2d 421, 424 (Fla. 1958).

Preliminarily, we observe that the statutes in question, sections 627.7405(1) and 627.732(3)(b), did not expressly waive sovereign immunity. *Cf.* § 768.28(1), Fla. Stat. ("In accordance with s. 13, Art. X of the State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act."). Nevertheless, "no particular magic words are required" for the legislature to waive sovereign immunity. *Klonis v. State, Dep't of Rev.*, 766 So. 2d 1186, 1189 (Fla. 1st DCA 2000). However, the Florida Supreme Court long ago explained that any statute purporting to waive sovereign immunity must be "clear and unequivocal." *Spangler*, 106 So. 2d at 424. Additionally, and pertinent here, "[w]aiver will not be reached as a product of inference or implication." *Id.*

It was the necessity of having to make the inference that sovereign immunity was waived by section 627.7405(1), based on the definition of commercial vehicle in section 627.732(3)(b), that led the Fourth District to disagree with the Second District's opinion in *Lee County School Board*. Citing to caselaw from the First District Court of Appeal that held that sovereign immunity had not been waived when the applicable statutes in those cases[3] did not also name or include the State or its entities within the definition of the proper party to be sued, the Fourth District viewed sections 627.7405(1) and 627.732(3)(b) as having the same infirmity. *Sch. Bd. of Broward Cnty.*, 390 So. 3d at 33. The court reasoned that because chapter 627 did not name the State or a public school board as a proper party to be sued under section 627.7405(1), the inference would not be based on the text of the

---

[3] *See Hightower*, 306 So. 3d at 1193*; State, Dep't of Elder Aff. v. Caldwell*, 199 So. 3d 1107 (Fla. 1st DCA 2016).

6

statute *Id.* And while acknowledging that an inference that section 627.7405(1) did waive sovereign immunity and thus authorized PIP reimbursement suits against school boards could be considered reasonable, the Fourth District held that such an inference could not be the basis of a sovereign immunity waiver. *Id.* at 34 (citing *Hightower*, 306 So. 3d at 1196); *see also Spangler*, 106 So. 2d at 424).

We agree with this reasoning.[4] In doing so, we also find that the separation of powers principle, which underpins the doctrine of sovereign immunity, *see Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 471 (Fla. 2005), guides our decision. Simply stated, it is the function of the Florida Legislature to waive sovereign immunity in cases or claims such as the one before us with a clear and unequivocal statutory enactment. The Legislature has shown itself well qualified to write such a statute waiving sovereign immunity; and it is prudent for this Court to refrain from finding such a waiver, absent clear directive from the Legislature.

Accordingly, we reverse the final judgment in favor of State Farm and remand with directions that the trial court enter a final judgment of dismissal in favor of the Marion County School Board. We also certify conflict with *Lee County School Board v. State Farm Mutual Automobile Insurance*, 276 So. 3d 352 (Fla. 2d DCA 2019).

REVERSED and REMANDED with directions; CONFLICT CERTIFIED.

EDWARDS, C.J., and JAY, J., concur.

---

[4] The Fourth District provided a second reason for declining to infer that chapter 627 authorized PIP reimbursement suits against school boards. We find it unnecessary to, and thus decline to, adopt the additional reason.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____