# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0014
Lower Tribunal No. 20-7339-CA-01
_____

**Miami-Dade County,**
Appellant,

vs.

**Dr. David Fintan Garavan,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr and Barbara Areces, Judges.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Leona N. McFarlane, Assistant County Attorney, for appellant.

Sharp Law Firm, P.A., and Christopher C. Sharp (Fort Lauderdale); Law Office of Richard E. Johnson, and Richard E. Johnson (Tallahassee), for appellee.

Before FERNANDEZ, GORDO and GOODEN, JJ.

GORDO, J.

Miami-Dade County ("County") appeals from a final judgment entered in favor of Dr. David Garavan ("Dr. Garavan") following a jury trial. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm in all respects except we reverse that portion of the final judgment which awards non-economic damages.

## I.

Dr. Garavan was an employee of the Miami-Dade County Medical Examiner's Office. He filed the underlying action against the County, challenging his demotion and subsequent termination under the Florida Public Whistleblower Act ("FPWA"). After trial, the jury returned a verdict in his favor, awarding both economic and non-economic damages. The County moved to set aside the verdict on noneconomic damages as excessive. The trial court denied the motion and entered final judgment, finding substantial evidence of emotional distress and reputational harm. This appeal followed.

## II.

"The issue of sovereign immunity is a legal issue subject to a de novo standard of review." Miccosukee Tribe of Indians v. Lewis Tein, P.L., 227 So. 3d 656, 660 (Fla. 3d DCA 2017) (quoting Plancher v. UCF Athletics Ass'n, Inc., 175 So. 3d 724, 725 n.3 (Fla. 2015)). "Whether a legislative enactment has waived the defense of sovereign immunity is a pure question

2

of law reviewed de novo." Fla. Fish & Wildlife Conservation Comm'n v. Hahr, 326 So. 3d 1165, 1167 (Fla. 1st DCA 2021) (quoting State, Dep't of Elder Affs. v. Caldwell, 199 So. 3d 1107, 1109 (Fla. 1st DCA 2016)).

**III.**

The County argues the jury's award of non-economic damages to Dr. Garavan is barred as a matter of law because the County is entitled to sovereign immunity and Dr. Garavan's recovery is limited to those damages expressly waived.[1]  We agree.

**A.**

We begin our analysis by addressing whether non-economic damages are recoverable against the sovereign absent an express, clear and unequivocal legislative waiver.  The doctrine of sovereign immunity "provides

---

[1]  While Dr. Garavan argues the County did not raise the issue of sovereign immunity in the proceedings below, we have repeatedly held that like subject matter jurisdiction, sovereign immunity may be asserted at any time— including for the first time on appeal—which was done here.  See City of Miami v. Robinson, 364 So. 3d 1087, 1091 (Fla. 3d DCA 2023) ("Much like subject matter jurisdiction, sovereign immunity . . . can be raised at any time."); State, Dep't of Highway Safety & Motor Vehicles, Div. of Highway Patrol v. Kropff, 491 So. 2d 1252, 1254 n.1 (Fla. 3d DCA 1986) ("Sovereign immunity relates to subject matter jurisdiction.  Parties may not confer subject matter jurisdiction by waiver, failure to object, or consent where none is given by law.  Governmental immunity may be raised at any time."); Schmauss v. Snoll, 245 So. 2d 112, 113 (Fla. 3d DCA 1971) ("A state's immunity from suit relates to subject matter jurisdiction . . . . Lack of jurisdiction over the subject matter may be raised at any time[.]").

3

that a sovereign cannot be sued without its own permission[.]" <u>Am. Home Assurance Co. v. Nat'l R.R. Passenger Corp.</u>, 908 So. 2d 459, 471 (Fla. 2005). This principle "has been a fundamental tenet of Anglo–American jurisprudence for centuries and is based on the principle that 'the King can do no wrong.'" <u>Id.</u> "The doctrine was a part of the English common law when the State of Florida was founded and has been adopted and codified by the Florida Legislature." <u>Id.</u> (citing § 2.01, Fla. Stat.).

"The original justification for incorporating the doctrine into American jurisprudence was 'the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends.'" <u>Id.</u> (quoting <u>Kawananakoa v. Polyblank</u>, 205 U.S. 349, 353 (1907)). "Florida law has enunciated three policy considerations that underpin the doctrine of sovereign immunity." <u>Id.</u> "First is the preservation of the constitutional principle of separation of powers." <u>Id.</u> "Second is the protection of the public treasury." <u>Am. Home Assurance Co.</u>, 908 So. 2d at 471. "Third is the maintenance of the orderly administration of government." <u>Id.</u>

"The immunity of the State of Florida and its agencies from liability for claims arising under Florida law or common law is *absolute* absent a clear, specific, and unequivocal waiver by legislative enactment." <u>Daly v. Marion Cnty.</u>, 265 So. 3d 644, 650 (Fla. 1st DCA 2018) (quoting <u>State, Dep't of Elder</u>

4

Affairs v. Caldwell, 199 So. 3d 1107, 1109 (Fla. 1st DCA 2016)) (emphasis added). Consistent with that principle, our Florida Constitution allows the Legislature to waive the State's sovereign immunity from liability for claims arising under Florida law or common law. See Art. X, § 13, Fla. Const. ("Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating."). "Only the Legislature has authority to enact a general law that waives the state's sovereign immunity." Am. Home Assurance Co., 908 So. 2d at 471.

The Florida Supreme Court has required that any legislative waiver of sovereign immunity be clearly expressed and strictly construed. See Gerard v. Dep't of Transp., 472 So. 2d 1170, 1172 (Fla. 1985) ("[S]tatutory waiver of sovereign immunity must be clearly expressed and strictly construed[.]"); Am. Home Assurance Co., 908 So. 2d at 472 ("[A]ny waiver of sovereign immunity must be clear and unequivocal. In interpreting such legislative waivers of sovereign immunity, this Court has stated that it must strictly construe the waiver.").

In accordance with our Supreme Court's jurisprudence, we have repeatedly held that, for us to find "the [sovereign] waived its immunity, the party claiming the waiver must 'show a clear, express and unmistakable waiver of sovereign immunity by the [sovereign].'" Miccosukee Tribe of

Indians v. Lewis Tein, P.L., 227 So. 3d 656, 661 (Fla. 3d DCA 2017) (quoting Cupo v. Seminole Tribe of Fla., 860 So. 2d 1078, 1079 (Fla. 1st DCA 2003)). This follows from the principle that "immunity of the state and its agencies is an aspect of sovereignty" and "[w]aiver will not be reached as a product of inference or implication." Spangler v. Fla. State Tpk. Auth., 106 So. 2d 421, 424 (Fla. 1958). "This is so for the obvious reason that the immunity of the sovereign is a part of the public policy of the state." Id.

Thus, if the sovereign has not expressly, clearly and unequivocally waived a specific category of damages—such as non-economic damages— we conclude that those damages are not recoverable against the sovereign. See City of Miami v. Robinson, 364 So. 3d 1087, 1091 (Fla. 3d DCA 2023) ("Sovereign immunity bars a claim against a governmental entity, with exception for claims brought under the federal or state constitutions, claims based on a 'clear and unequivocal' legislative waiver of sovereign immunity, or contractual claims based on an express, written agreement with a governmental entity." (quoting Univ. of Fla. Bd. of Trs. v. Rojas, 351 So. 3d 1167, 1170 (Fla. 1st DCA 2022))).

**B.**

We next consider whether the County is entitled to sovereign immunity for non-economic damages under the FPWA, section 112.3187, Florida

6

Statutes. The FPWA forbids state agencies from taking adverse personnel actions against employees in retaliation for disclosing information protected by the Act. The FPWA provides several prescribed forms of relief:

> (9) RELIEF.—In any action brought under this section, the relief must include the following:
>
> (a) Reinstatement of the employee to the same position held before the adverse action was commenced, or to an equivalent position or reasonable front pay as alternative relief.
>
> (b) Reinstatement of the employee's full fringe benefits and seniority rights, as appropriate.
>
> (c) Compensation, if appropriate, for lost wages, benefits, or other lost remuneration caused by the adverse action.
>
> (d) Payment of reasonable costs, including attorney's fees, to a substantially prevailing employee, or to the prevailing employer if the employee filed a frivolous action in bad faith.
>
> (e) Issuance of an injunction, if appropriate, by a court of competent jurisdiction.
>
> (f) Temporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction or the Florida Commission on Human Relations, as applicable under s. 112.31895, determines that the disclosure was not made in bad faith or for a wrongful purpose or occurred after an agency's initiation of a personnel action against the employee which includes documentation of the employee's violation of a disciplinary standard or performance deficiency.

§ 112.3187(9)(a)–(f), Fla. Stat.

When a plaintiff seeks a particular category of damages from a governmental entity, the dispositive question is whether the Legislature has expressly authorized that type of liability or compensation. See Spangler, 106 So. 2d at 424. By its plain language, the FPWA does not include non-economic damages as a form of relief. See City of Miami Beach v. Rocio Corp., 404 So. 2d 1066, 1069 (Fla. 3d DCA 1981) ("The plain language of a statute must be read to mean what it says."); Carson v. Miller, 370 So. 2d 10, 11 (Fla. 1979) (same); Phil's Yellow Taxi Co. v. Carter, 134 So. 2d 230, 232 (Fla. 1961) (same).

The statute provides compensation for objectively verifiable monetary losses—such as reinstatement and compensation for lost wages, benefits, or other lost remuneration—but says nothing about subjective, non-monetary harms such as pain, suffering, or emotional distress. While the list is not exhaustive, every other damage expressly authorized is a quantifiable economic loss damage. Where, as here, the Legislature enumerates specific categories of relief, those categories define the scope of the waiver. Under the settled canon of *ejusdem generis*, the inclusion of particular forms of economic compensation signals that any authorized recovery is confined to damages of the same kind or class as those expressly listed. See Circuit

8

City Stores, Inc. v. Adams, 532 U.S. 105, 114–15 (2001) ("The wording of [the statute] calls for the application of the maxim *ejusdem generis,* the statutory canon that 'where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.'" (quoting 2A N. Singer, Sutherland on Statutes and Statutory Construction § 47.17 (1991))).

While the statute provides that the list is not exhaustive, the remedies identified are uniform in character and limited to economic loss. In the sovereign immunity context—where waivers must be express, clear and unequivocal—we will not extend that carefully drawn list to encompass qualitatively different, non-economic damages the Legislature did not include. See In re Advisory Op. to Att'y Gen. re Use of Marijuana for Certain Med. Conditions, 132 So. 3d 786, 801 (Fla. 2014) (explaining that when general words in a statute follow specific words or phrases, the meaning of the general words are construed as being restricted to include only those of the same kind or class of those specifically mentioned); Sun Coast Int'l Inc. v. Dep't of Bus. Regul., Div. of Fla. Land Sales, Condo. & Mobile Homes, 596 So. 2d 1118, 1121–22 (Fla. 1st DCA 1992) (applying the maxim of *ejusdem generis* to conclude that general statutory language authorizing

9

agency action was limited by the specific language immediately preceding it, and rejecting an argument that the general language implied the agency could provide broader relief).

We emphasize that when the Legislature intends to authorize a particular category of damages, it does so expressly and unambiguously. Indeed, other employment statutes demonstrate that the Legislature knows how to provide for noneconomic damages when it chooses to do so. See § 760.11(5), Fla. Stat. (authorizing recovery for "mental anguish, loss of dignity, and any other intangible injuries, and punitive damages" under the Florida Civil Rights Act); § 112.0455(15)(a)(2), Fla. Stat. (authorizing recovery of "noneconomic damages," subject to specified limitations, under the Drug-Free Workplace Act, which applies to state agencies and their employees).

Critical to our analysis, Florida's private sector Whistleblower Act expressly authorizes additional relief in the form of "[a]ny other compensatory damages allowable at law," which has been found to include noneconomic damages. § 448.103(2)(e), Fla. Stat.; see Aery v. Wallace Lincoln-Mercury, LLC, 118 So. 3d 904, 913 (Fla. 4th DCA 2013) (finding the phrase "any other compensatory damages allowable at law" authorized noneconomic compensatory damages under the private sector act).

10

In sum, sovereign immunity may be waived only by express, clear and unequivocal statutory language, as it is for the political branches—not the courts—to assess the costs and benefits of subjecting the government to certain types of civil liability. Because the FPWA does not expressly and unequivocally waive sovereign immunity for non-economic damages, we find that such damages cannot be recovered against the County under the Act.[2] See Agency for Pers. with Disabilities v. Toal, 406 So. 3d 978, 981-983 (Fla. 1st DCA 2025) ("Noneconomic damages are not specified as a form of relief under the Whistleblower's Act, full stop. . . . At any rate, we do not employ scale-tipping cannons in the absence of statutory ambiguity. Here, there is none. The Legislature delineated the precise forms of relief that must be awarded to a prevailing plaintiff. And it chose not to include uncapped noneconomic damages within this comprehensive framework. Even if ambiguity were hypothetically acknowledged, there would be no valid waiver of sovereign immunity. Sovereign immunity can be waived only through

---

[2] To the extent Dr. Garavan relies on our holding in Iglesias v. City of Hialeah, 305 So. 3d 20 (Fla. 3d DCA 2019), that decision does not control because it does not appear that sovereign immunity was ever raised in that case. The opinion contains no discussion of waiver doctrine. See MVW Mgmt., LLC v. Regalia Beach Developers LLC, 230 So. 3d 108, 114 (Fla. 3d DCA 2017) ("It has long been the law of Florida that 'no decision is authority on any question not raised and considered[.]'" (quoting State ex rel. Helseth v. Du Bose, 99 Fla. 812, 816 (1930))).

statutory language that is clear and unequivocal, as it is 'the province of the political branches, not the courts, to weigh the costs and benefits of exposing the government to civil litigation.' Because the Whistleblower's Act does not clearly and unequivocally waive sovereign immunity to authorize the recovery of noneconomic damages, the trial court erred by denying the Agency's motion to dismiss Toal's claim for such relief." (quoting <u>Robinson v. U.S. Dep't of Educ.</u>, 917 F. 3d 799, 801 (4th Cir. 2019))).

Accordingly, we reverse the portion of the final judgment awarding non-economic damages and remand for entry of a corrected judgment limited to the forms of relief authorized by section 112.3187(9), Florida Statutes.

Affirmed in part, reversed in part and remanded with instructions.